# United States Court of Appeals for the Fifth Circuit

_____

No. 24-50154
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 3, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Aleyda Medrano-Ramos,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:22-CR-547-1

_____

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Aleyda Medrano-Ramos challenges her jury-trial convictions for knowingly and recklessly transporting an alien within the United States and conspiracy to do the same, in violation of 8 U.S.C. § 1324. The district court sentenced Medrano, *inter alia*, to two within-Guidelines sentences of 60-months' imprisonment (to be served concurrently).

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50154

Medrano contends the court committed reversible error by denying her the opportunity to present the affirmative defense of duress. "As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in [her] favor". *United States v. Branch*, 91 F.3d 699, 711–12 (5th Cir. 1996) (quoting *Mathews v. United States*, 485 U.S. 58, 63 (1988)). Our court generally reviews a district court's refusal to give a proposed instruction for abuse of discretion, *e.g.*, *id.* at 712–13; but, when the district court determines, as a matter of law, that the evidence fails to raise a factual question for the jury (as is the case here), our review is *de novo*. *See United States v. Bradfield*, 113 F.3d 515, 521 (5th Cir. 1997) (noting *de novo* review in the context of district court refusing to offer "theory of defense" requested by defendant).

The court concluded Medrano failed to make a *prima facie* case of duress because of her inability to establish the last two elements of the defense. To show duress, she was required to prove the following four elements by a preponderance of the evidence: (1) she faced an "unlawful . . . present, imminent, and impending threat" that would induce "a well-grounded apprehension of death or serious bodily injury"; (2) she "had not recklessly or negligently placed [herself]" in the situation; (3) she had "no reasonable legal alternative to violating the law"; and (4) it was reasonable to anticipate that the avoidance of harm directly caused the criminal action. *United States v. Posada-Rios*, 158 F.3d 832, 873 (5th Cir. 1998) (citations omitted).

To establish the third element, Medrano must show that she "actually tried the [legal] alternative or had no time to try it, or that a history of futile attempts revealed the illusionary benefit of the alternative". *Id.* at 874 (citation omitted). This is an objective inquiry; her subjective belief that no legal alternatives existed is not determinative. *Id.*

2

No. 24-50154

Her testimony shows she had multiple opportunities to try a number of reasonable legal alternatives but failed to do so. Medrano testified that she was threatened "on three discrete occasions between March and April, always in-person, after visiting [the individual making the threat] and his family in Texas or inviting them to North Carolina". The most obvious "legal [alternative] that [Medrano] failed to pursue was simply to call the police", *United States v. Gant*, 691 F.2d 1159, 1164 (5th Cir. 1982), which could have been done at any point in the intervening weeks between the initial threat and the commission of the crime. Medrano's explanations regarding why she failed to contact the police amount only to a subjective belief that legal alternatives did not exist, which is not sufficient to establish the third element. *E.g.*, *Posada-Rios*, 158 F.3d at 874–75.

Medrano's failure to establish the third element of duress is dispositive of her claim. *E.g.*, *id.* at 873–75 ("Because duress is an affirmative defense, a defendant must present evidence of each of the [four] elements of the defense before it may be presented to the jury.") (quote on 873). Accordingly, the court did not err by denying her the opportunity to present the defense to the jury.

AFFIRMED.

3